UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANOVER INSURANCE COMPANY, a New Hampshire Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN GOLDMAN, MD, A MEDICAL CORPORATION; BRIAN GOLDMAN; LAURA MACKIE, and MICHAEL HAGUE,<br><br>Defendants. | No. 2:18-cv-01593-TLN-EFB<br><br>**ORDER** |

This matter is before the Court on Defendants Laura Mackie ("Mackie") and Michael Hague's ("Hague") (jointly, "Defendants")[1] Motion to Dismiss, Alternatively, Summary Judgment. (ECF No. 10.) Plaintiff Hanover Insurance Company ("Plaintiff") opposed the Motion. (ECF No. 16.) Defendants replied. (ECF No. 24.) For the reasons set forth below, the Court DENIES Defendants' Motion to Dismiss.

///

///

///

---

[1] For the purpose of this Order, "Defendants" refers only to Mackie and Hague and omits Defendants Brian Goldman and Brian Goldman, MD, a Medical Corporation.

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The instant dispute arises from an incident in which Defendant Brian Goldman's ("Goldman") former wife, Kimberly Goldman, deliberately drove her rental vehicle into Mackie, Hague, and Goldman after a family law hearing concerning marital dissolution issues between Mr. and Mrs. Goldman ("Incident"). (ECF No. 4 at ¶ 10.) On June 1, 2018, Plaintiff filed a Complaint in this Court against Goldman and Brian Goldman MD, A Medical Corporation ("the Corporation"), which it did not serve. (ECF No. 1.) On March 7, 2019, Plaintiff filed the operative First Amended Complaint ("FAC") and added Mackie and Hague as defendants. (ECF No. 4.) Plaintiff served the Summons and FAC on all defendants. (ECF No. 6 – 8, 15.)

In the FAC, Plaintiff alleges it issued a Business Owners Insurance policy and a Commercial Umbrella policy to Goldman, which was later changed to name the Corporation as the insured, for the policy period of March 2016 to March 2017. (ECF No. 4 at ¶¶ 8–9.) During that period, the Incident occurred. (*Id.* at ¶ 10.) At the time of the Incident, Kimberly Goldman was not an employee of or in any way acting on behalf of the Defendant Corporation. (*Id.* at ¶ 11.) Following the incident, Mackie, Hague, and Goldman settled with Kimberly Goldman's personal automobile insurer and signed a release for their injury claims. (*Id*. at ¶ 14.)

Now, Mackie and Hague have initiated litigation[2] against the Corporation in California Superior Court, Contra Costa County. (*Id.* at ¶ 12.) Mackie and Hague contend that the Corporation is liable for Kimberly Goldman's conduct during the Incident on the theory that she was an employee and the Corporation had a duty not to hire or retain her given her mental health issues and propensity for violence. (*Id*. at ¶ 14.) The Corporation tendered its defense of that lawsuit to Plaintiff and had not withdrawn its tender when Plaintiff filed the FAC. (*Id.* at ¶ 12.) Goldman and the Corporation have refused to cooperate with the attorney assigned to them by Plaintiff, including withholding requested documentation, which potentially impairs Plaintiff's ability to investigate and defend liability claims made against the Corporation. (*Id.* at ¶ 18.)

///

---

[2] *Laura Mackie, et al. v. Brian Goldman MD, a California Medical Corporation, and DOES 1 through 20*, Case No. C18-02264

Plaintiff contends that neither the Incident nor the subsequent claims filed in state court by Mackie and Hague fall within either insurance policy, and even if they did, the exclusions or conditions in the agreements would bar any coverage. (*Id.* at ¶ 12.) Plaintiff also contends that the Corporation's refusal or interference with Plaintiff's defense of the Corporation constitutes a material breach voiding any duty Plaintiff would otherwise owe under the policies. (*Id.* at ¶ 20.) Plaintiff requests a judicial determination that it has no duty to indemnify the Corporation against Mackie and Hague's state lawsuit because one or more conditions or requirements in the policies bar coverage under the circumstances. (*Id.* at ¶¶ 23–28.)

On April 21, 2019, Mackie and Hague filed the instant "Motion to Dismiss, Alternatively, Summary Judgement." (ECF No. 10.) Mackie and Hague's motion includes nineteen attachments and exceeds 300 pages. (*Id.*) On April 29, 2019, Goldman filed a "Notice of Joinder,"[3] on behalf of himself and the Corporation.[4] (ECF No. 13.) Plaintiff opposed the Motion to Dismiss (ECF No. 16) and the Notice of Joinder (ECF No. 17). Mackie and Hague replied. (ECF No. 24.)

## II. STANDARD OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S.

---

[3] Co-Defendant's motion is titled, "Notice of Joinder of Motion to Dismiss Complaint, Alternatively, Motion for Summary Judgment; and Supplement in Support of Motion." (ECF No. 13.) Defendant attached a declaration supporting the instant Motion to Dismiss and asked the Court to order the appointment of *Cumis* counsel. (*Id.* at 1–13.) However, the Court DENIES the Motion to Dismiss for failure to challenge the pleadings pursuant to Rule 12(b)(6). Therefore, the Joinder and attached documents are moot and are not considered by the Court for purposes of the current motion.

[4] A corporation may appear in federal court only through licensed counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993); E. D. Cal. L.R. 183(a). Therefore, the Court cannot consider requests or motions filed by Goldman on behalf of the Corporation.

544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant–unlawfully–harmed–me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . . across the line from conceivable to plausible," is the complaint properly dismissed. *Id.* at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is

"a context–specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

If a complaint fails to state a plausible claim, "[a] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995)); *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint." *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

As a general rule, [a court] 'may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" *United States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)). However, "under the 'incorporation by reference' doctrine, [a court is] permit[ted] [ ] to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999)). Courts "have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Id.*

**III.   ANALYSIS**

   A.   Motion to Dismiss

In the Motion to Dismiss, Defendants argue the holding in *Liberty Surplus Insurance Corp. v. Ledesma & Meyer Construction Co., Inc.*, 5 Cal. 5th 216 (2018) requires Plaintiff to

provide indemnity coverage to Goldman for the Incident. (ECF No. 10 at 12.) In *Liberty*, the California Supreme Court answered a certified question from the Ninth Circuit affirming that when a "third party sues an employer for the negligent hiring, retention, and supervision of an employee who intentional injured that third party" the suit alleges an "occurrence" under the employer's general liability policy." *Liberty,* 5 Cal. 5th 216 at 220. There, the insured hired an individual who committed an intentional tort while working at the insured's construction site. *Id.* The insured tendered the defense of the claim to its insurer, which sought declaratory relief in federal court, contending it had no obligation to defend or indemnify the insured. *Id.* The court granted summary judgment for the insurer on its claim for declaratory relief. *Id.* On appeal, the Ninth Circuit sought the opinion of the California Supreme Court, which determined that under California Law the employee's actions constituted an "occurrence" under the terms of the policy, and therefore, created an obligation for the insurer to provide a defense for the claim. *Id.* at 220–21.

Defendants assert the instant controversy is identical to the controversy at issue in *Liberty*. (ECF No. 10 at 8.) Defendants contend that in order to prevail on an action seeking declaratory relief on the duty to defend "the insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot." (*Id.* at 12.) (citing *Liberty,* 5 Cal. 5th 216 at 222.) Defendants argue the policy provisions in *Liberty* are "identical" to those in Plaintiff's FAC, therefore they have demonstrated that there is potential for coverage under the policy. (ECF No. 10 at 12.) Defendants then address the other bars to coverage alleged in the FAC. Citing no authority, Defendants list Plaintiff's asserted bars to recovery and dismiss them as "red herrings." (*Id.* at 13–15.)

In Opposition, Plaintiff argues that Defendants' reliance on extrinsic evidence violates Rule 12(b)(6), and further, Defendants failed to challenge the adequacy of the pleadings. (ECF No. 16 at 14.) Additionally, Plaintiff argues Defendants' reliance on *Liberty* is misplaced since Kimberly Goldman was not an employee and was not at the Corporation's place of business during the Incident. (ECF No. 16 at 17.) In their reply, Defendants assert that "there is nothing nefarious about presenting evidence outside of the pleadings. The only issue is whether the court

will rely on or exclude the evidence." (ECF No. 24 at 5.) They also baldly assert that they have challenged the adequacy of the pleadings. (*Id.* at 11.)

While the holding in *Liberty* is relevant to the instant case, the Court agrees with Plaintiff that Defendants' reliance on *Liberty* is misplaced. In determining whether the FAC has sufficiently stated a cognizable claim, the Court must accept as true facts alleged by Plaintiff. Here, Plaintiff has alleged that the Corporation did not employ Kimberly Goldman at the time of the Incident. (ECF No. 4 at ¶ 11.) Additionally, the Incident occurred at family law court, not during the course of business or at the Corporation's place of business. (*Id.* at ¶ 10.) For those reasons, the factual basis of this Complaint significantly differs from *Liberty*, rendering it inapplicable to the current motion. Defendants have not shown they are entitled to judgment as a matter of law based on the holding in *Liberty*. Beyond the extensive discussion of *Liberty*, Defendants merely state that Plaintiff's alleged bars to recovery are "red herrings." (ECF No. 10 at 13–15.) Defendants consistently argue the merits of the case, but they completely fail to challenge the adequacy of the pleadings. Without legal authority to support their contentions, Defendants have failed to meet their burden of showing the FAC has not stated a plausible claim for relief.

Defendants also argue that the Court should dismiss Plaintiff's FAC "if, and only if, the Court were inclined not to grant summary judgment for all defendants," because Plaintiff failed to timely serve[5] the original Complaint on Goldman and the Corporation. (ECF No. 10 at 15.) Defendants further contend that the Court should dismiss the FAC under its "inherent power" since Plaintiff cannot establish "good cause" for failing to serve the order. (*Id.*) Defendants cite no authority for this proposition.

In opposition, Plaintiff contends the harsh penalty of dismissal should not be imposed under these circumstances. *See Lee v. Roessler-Lobert (In re Roessler-Lobert)*, 567 B.R. 560, 570-71 (B.A.P. 9th Cir. 2017) (reviewing egregious circumstances that justify dismissal for

---

[5] Rule 41(b) provides, "If the Plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

7

failure to prosecute).  Plaintiff notes Defendants were not parties to the initial complaint.  Furthermore, Plaintiff asserts it delayed serving the Complaint because two pending California Supreme Court cases — *Dynamex Operations W., Inc. v. Superior Court (Lee)*, 4 Cal. 5th 903 (2018) and *Liberty,* 5 Cal. 5th 216 (2018) — potentially affected the original pleading.  Plaintiff asserts it was "impractical, and a waste of party and judicial resources to actively litigate a case" before accounting for the impact of the pending decisions.  (ECF No. 16 at 25.)  Finally, Plaintiff asserts the Court's calendar was not impacted as no hearings were pending or held during that time.  (*Id.*)  Defendants do not raise any additional arguments regarding the failure to prosecute in their Reply.  (ECF No. 24.)

In the Ninth Circuit, a district court must weigh several factors before applying the harsh penalty of dismissal for lack of prosecution: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).  Defendants offer no argument that the above factors necessitate dismissal for Plaintiff's failure to serve the Complaint.  Conversely, Plaintiff's justification for its failure to prosecute addresses several factors.  Since Plaintiff named Defendants only in the FAC, they could not be prejudiced by Plaintiff's failure to serve the original complaint.  Additionally, the lack of pending motions and hearings caused little impact to the Court's docket.  Furthermore, the pending cases did, in fact, affect the current litigation since Defendants relied almost exclusively on *Liberty* to frame the current Motion to Dismiss.  Those factors, combined with the public policy favoring disposition on the merits and the availability of less drastic sanctions, persuade the Court that dismissal for failure to prosecute would impose an unnecessarily harsh penalty on Plaintiff.  On this basis, and because Defendants have failed to meet their burden to show that the FAC fails to state a claim as discussed above, the Court DENIES Defendants' Motion to Dismiss.

    B.   <u>Request for Summary Judgment</u>

Further, the Court rejects Defendants' alternative request for summary judgment. This motion does not conform with the procedural standards set forth in Federal Rule of Civil

Procedure 56[6] and this Court's Local Rules.[7]  Accordingly, the Court disregards Mackie and Hague's motion for summary judgment as procedurally improper.  The Court expressly declines to consider any submitted materials beyond the pleadings.

## IV. CONCLUSION

For the foregoing reasons, the Court finds Defendants' Motion to Dismiss fails to challenge the adequacy of the pleadings.  Accordingly, the Court DENIES the Motion to Dismiss.

IT IS SO ORDERED.

Dated: February 27, 2020

_____
Troy L. Nunley
United States District Judge

---

[6] Rule 56 provides, "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

[7] Local Rule 260 states, "Each motion for summary judgment or summary adjudication shall be accompanied by a "Statement of Undisputed Facts" that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." E.D. Cal. L.R. 260.