UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANOVER INSURANCE COMPANY, | No. 2:18-cv-01593-TLN-JDP |
| Plaintiff, | |
| v. | **ORDER** |
| BRIAN GOLDMAN, M.D., et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Hanover Insurance Company's ("Plaintiff") *Ex Parte* Application to Continue the Hearing Date on Defendants' Motion for Summary Judgment to Allow Discovery to be Completed. (ECF No. 51.) Defendants Michael Hague ("Hague") and Laura Mackie ("Mackie") (collectively, "Defendants") have filed an objection.[1] (ECF No. 52.) For the reasons set forth below, the Court DENIES Plaintiff's *Ex Parte* Application.

///

///

///

---

[1] Defendant Brian Goldman, M.D., a Medical Corporation joins in Defendants' objection. (ECF No. 55.) Defendants have also filed an opposition to Plaintiff's *ex parte* application. (ECF No. 53.) As Defendants may not have both an objection and an opposition to Plaintiff's application, the Court construes Defendants' objection as an opposition to Plaintiff's application and Defendants' later-filed opposition is hereby stricken from the docket. This action involves four named Defendants. The other Defendants are represented by different counsel.

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

The instant dispute arises from an incident in which Defendant Brian Goldman's ("Goldman") former wife, Kimberly Goldman ("Kimberly"), deliberately drove her rental vehicle into Mackie, Hague, and Goldman after a family law hearing concerning marital dissolution issues between Mr. and Mrs. Goldman (the "Incident"). (ECF No. 4 at ¶ 10.) Plaintiff filed the instant action seeking a judicial determination that it has no duty to indemnify Brian Goldman MD, a Medical Corporation (the "Corporation") against Defendants' state lawsuit because one or more conditions or requirements in its insurance policies bar coverage under the circumstances of that case. The Court entered its Initial Pretrial Scheduling Order on June 1, 2018, the same date Plaintiff filed its initial Complaint, which it did not serve. (ECF No. 2.) Plaintiff filed the operative First Amended Complaint ("FAC") on March 7, 2019 and served the Summons and FAC on all defendants. (ECF Nos. 6–8, 15.)

In the FAC, Plaintiff alleges it issued a Business Owners Insurance policy and a Commercial Umbrella policy to Goldman, which were both later changed to name the Corporation as the insured, for the policy period of March 1, 2016 to March 1, 2017. (ECF No. 4 at ¶¶ 8–9.) During that period, the Incident occurred. (*Id.* at ¶ 10.) At the time of the Incident, Kimberly was not an employee of or in any way acting on behalf of the Corporation. (*Id.* at ¶ 11.) Following the incident, Mackie, Hague, and Goldman settled with Kimberly's personal automobile insurer and signed a release for their injury claims. (*Id.* at ¶ 14.)

Mackie and Hague have initiated litigation against the Corporation in Contra Costa County Superior Court.[2] (*Id.* at ¶ 12.) Mackie and Hague contend the Corporation is liable for Kimberly's conduct during the Incident on the theory that she was an employee and the Corporation had a duty not to hire or retain her given her mental health issues and propensity for violence. (*Id.* at ¶ 14.) The Corporation tendered its defense of that lawsuit to Plaintiff and had not withdrawn its tender when Plaintiff filed the FAC. (*Id.* at ¶ 12.) Goldman and the Corporation have refused to cooperate with the attorney assigned to them by Plaintiff, including

---

[2] *Laura Mackie, et al. v. Brian Goldman MD, a California Medical Corporation, and DOES 1 through 20*, Case No. C18-02264.

2

withholding requested documentation, which potentially impairs Plaintiff's ability to investigate and defend liability claims made against the Corporation. (*Id.* at ¶ 18.)

Plaintiff contends neither the Incident nor the subsequent claims filed in state court by Mackie and Hague fall within either insurance policy, and even if they did, the exclusions or conditions in the agreements would bar any coverage. (*Id.* at ¶ 12.) Plaintiff also contends the Corporation's refusal or interference with Plaintiff's defense of the Corporation constitutes a material breach voiding any duty Plaintiff would otherwise owe under the policies. (*Id.* at ¶ 20.)

On March 31, 2021, Plaintiff filed the instant *ex parte* application. (*See* ECF No. 51.) The hearing on Defendants' Motion for Summary Judgment is currently set for April 29, 2021. (ECF No. 48.) Plaintiff has calculated the "close of discovery" date to be November 11, 2020, which was 240 days from the date upon which the last answer was filed, per the Initial Pretrial Scheduling Order. (ECF No. 51 at 3, 6–7; *see also* ECF No. 3 at 2; ECF No. 32.)

## II.   STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it." Fed. R. Civ. P. 56(d). "To prevail under this Rule, parties opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" *Emp'rs Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129–30 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)).

"The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). Further, a court may deny "further discovery if the movant has failed diligently to pursue discovery in the past." *Cal. Union Ins. Co. v. Am. Diversified Sav. Bank*, 914 F.2d 1271, 1278 (9th Cir. 1990) (citations omitted). However, "[c]ourts usually employ a 'generous approach toward granting [Rule 56(d)] motions.'" *City of*

3

*W. Sacramento, Cal. v. R & L Bus. Mgmt.*, No. 2:18-cv-00900-WBS-EFB, 2019 WL 5457029, at *1–2 (E.D. Cal. Oct. 24, 2019) (citation omitted); *see also Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

### III.  ANALYSIS

The instant *ex parte* application requests the Court continue the hearing date on Defendants' pending summary judgment motion for at least 120 to 180 days and to also reopen discovery for 120 days "to allow Plaintiff to conduct discovery and take depositions in order to meaningfully oppose Defendants' [motion]." (ECF No. 51 at 2, 5.)  In objection, Defendants argue Plaintiff's application should be denied due to its counsel's negligence, "lack of diligence, lack of candor, and for lack of an 'emergency.'" (ECF No. 52 at 1, 5.)  The Court finds Plaintiff's counsel failed to diligently pursue discovery and Plaintiff has not adequately demonstrated the relevant nature of the evidence sought.  The Court will therefore address these two issues and decline to evaluate the remainder of the Rule 56(d) requirements.

#### A.  Diligence

Plaintiff argues "good cause" exists for continuing Defendants' summary judgment motion hearing date and reopening discovery for two reasons. (ECF No. 51 at 3.)  First, Plaintiff notes there have been two substitutions of counsel for Plaintiff in this matter and "counsel has been diligent in pursuing discovery" since the most recent substitution on August 5, 2020, as counsel has "had to obtain and review voluminous file materials" from the state lawsuit.  (*Id.* at 3, 10.)  Second, Plaintiff implies the "restrictions and limitations" of the COVID-19 pandemic have prevented its counsel from being able "to conduct discovery and take depositions because they did not have sufficient time prior to the 'close of discovery' on November 11, 2020." (*Id.* at 3.)

In objection, Defendants assert Plaintiff's counsel have failed to demonstrate diligence for six reasons, each of which the Court finds persuasive.  First, Defendants note "[i]t is significant" that Plaintiff's counsel is asking for a retroactive reopening of discovery versus an extension of the discovery deadline, suggesting counsel did not pay attention to the deadline.[3]  (ECF No. 52 at

---

[3]  Defendants also note Plaintiff has used the incorrect legal standard for a motion to reopen discovery. (ECF No. 52 at 2.)  The Ninth Circuit has articulated six factors district courts are

4

2.) The Court agrees. Plaintiff provides no explanation for its failure to bring this application before the close of discovery.

Second, Defendants contend Plaintiff's counsel had adequate time in which to notice Goldman's deposition, as he knew the discovery deadline under the parties' May 29, 2020 Joint Status Report (ECF No. 36 at 7) and the Initial Pretrial Scheduling Order (ECF No. 3) was November 11, 2020. (ECF No. 52 at 2.) Defendants are correct. Plaintiff's counsel was substituted into the case on August 5, 2020 (*see* ECF Nos. 41–44), which means counsel had more than three months within which to notice Goldman's deposition.

Third, all of the reasons supporting "good cause" were known to Plaintiff's counsel when he took over the case, but counsel does not explain why he failed to bring the motion prior to the discovery deadline. (ECF No. 52 at 3.) Nor does he explain what prior counsel did with respect to pursuing discovery. (*Id.*)

Fourth, Plaintiff's counsel noticed Goldman's deposition on February 19, 2021, but waited until March 31, 2021 to file the instant *ex parte* application, claiming an "emergency" exists. (*Id.*) Counsel's failure to explain why this application was not or could not have been filed sooner also does not support a finding of diligence.

Fifth, Defendants maintain the COVID-19 pandemic did not impede Plaintiff as an "intervenor in the underlying state court action to notice and take the remote video depositions of Defendants on September 1, 2020 or have a remote mediation on November 11, 2020." (*Id.* at 4.) Defendants point out Plaintiff has "conducted extensive written discovery" in the state lawsuit,

---

instructed to employ when ruling on a motion to reopen discovery pursuant to Rule 16, two of which include "whether the moving party was diligent in obtaining discovery within the guidelines established by the court" and "the likelihood that the discovery will lead to relevant evidence." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (internal citations omitted). A finding of diligence requires " the movant diligently pursued previous discovery opportunities, and . . . can show how allowing additional discovery would have precluded summary judgment." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1026 (9th Cir. 2006) (internal citations and quotations omitted). Plaintiff does not address this standard in its *ex parte* application. However, even if the Rule 16 standard were to apply here, the Court finds Plaintiff's counsel has neither moved "diligently" to pursue discovery nor has he explicitly shown how additional discovery would lead to relevant evidence precluding summary judgment (as will be detailed later in this Order). Plaintiff's counsel likely fails to meet this standard as well.

5

1    including "four sets of requests for documents, where it asked Defendants for all of the same

2    documents now being requested by [Plaintiff] in its untimely notice" of Goldman's deposition.

3    (*Id.*)  Defendants also note counsel admits in the *ex parte* application that he has been provided

4    with all the discovery from the state lawsuit.  (*Id.*)

5        Sixth, Defendants argue Plaintiff's untimely notice of Goldman's deposition "is indicative

6    of counsel's lack of diligence," as "counsel or his staff neglected to identify and calendar the

7    important dates set forth both in the Court's Initial Pretrial [Scheduling] Order or the parties'

8    Joint [Status Report]."  (*Id.*)  Again, the Court agrees with Defendants.

9        Plaintiff submits a declaration from its counsel, Todd A. Roberts ("Roberts"), who avers

10   that since mid-March of 2020, he has been adjusting to practicing law remotely and dealing with

11   challenges arising from the COVID-19 pandemic, including traveling to Ohio to care for his

12   elderly father.  (ECF No. 51-1 at 2–3.)  The Court is sympathetic to these difficulties, but they do

13   not justify counsel's failure to — at the very least — notify opposing counsel of Plaintiff's intent

14   to depose Goldman and conduct additional discovery, or file a motion to extend the discovery

15   deadline rather than reopen discovery after the deadline expired.  Failure to do either

16   demonstrates a clear lack of diligence.

17        B.    Relevant Nature of the Evidence Sought

18       The discovery sought by the moving party must be "relevant to critical matters at issue in

19   the summary judgment motion."  *See Jacobson v. U.S. Dep't of Homeland Sec.*, 882 F.3d 878,

20   883 (9th Cir. 2018); Fed. R. Civ. P. 56(d).  The moving party must explain why those facts would

21   preclude summary judgment.  *Tatum v. City & Cnty. of San Francisco*, 441 F.3d 1090, 1100 (9th

22   Cir. 2006).

23       Plaintiff seems to imply the relevant evidence will be uncovered based on Roberts'

24   inquiries into why Defendants went with Goldman to the court hearing, the details and

25   circumstances relating to Goldman and Kimberly, the nature of Kimberly's work for the

26   Corporation, the hiring and retaining of Mackie by the Corporation, Kimberly's move to Texas,

27   and Kimberly's mental health.  (ECF No. 51-1 at 4.)  Roberts notes he also intends "to explore the

28   level of cooperation, if any, between [] Goldman and [P]laintiff[] in the Underlying Action,

including their attorneys." (*Id.* at 4–5.) Roberts asserts this line of discovery will uncover facts "reasonably expected to create a triable issue" and is relevant to whether Plaintiff owes a duty to defend and a duty to indemnify. (*Id.* at 5.) Plaintiff requests the Court "allow sufficient time to . . . take discovery and obtain affidavits and declarations," as it "is seeking to discover fact[s] indicating a likelihood that controverting evidence exi[s]ts as to the purported 'material facts' set forth in" Defendants' summary judgment motion. (ECF No. 51 at 11.) Plaintiff further argues that without Goldman's testimony "or documents (including electronic devices and emails)," it "would be prejudiced by not having the essential evidence for the briefing of the opposition to a dispositive motion." (*Id.* at 13.)

Plaintiff's argument is unavailing. As evidenced by the quotations above, Plaintiff speaks in vague generalities throughout its briefing. Plaintiff fails to identify what the "controverting evidence" might be and further fails to articulate with specificity the *exact* facts "reasonably expected to create a triable issue" of material fact as to whether Plaintiff has a duty to defend and a duty to indemnify the Corporation against Defendants' claims in their state lawsuit. Additionally, Plaintiff has not articulated how the newly discovered facts would preclude summary judgment. *See Tatum*, 441 F.3d at 1100.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's *Ex Parte* Application to Continue the Hearing Date on Defendants' Motion for Summary Judgment to Allow Discovery to be Completed is DENIED. (ECF No. 51.)

IT IS SO ORDERED.

DATED: April 13, 2021

Troy L. Nunley
United States District Judge